# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| **SHELTER MUTUAL INSURANCE COMPANY,** | ) ) ) |
| Plaintiff, | ) ) |
| v. | )  No. 1:20-cv-01152-STA-jay ) |
| **VICTOR BUEHLER and GERRI BUEHLER, INDIVIDUALLY, and ESTATE OF GEORGE DODSON, III, DECEDENT, THROUGH HIS CO-EXECUTORS JEFFREY BUEHLER and CHRISTIANNA BUEHLER BOHS, and JEFFREY LYNN CARTWRIGHT,** | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Before the Court is Plaintiff Shelter Mutual Insurance Company's Motion for Default Judgment (ECF No. 20) against Defendant Jeffrey Lynn Cartwright. Plaintiff filed its Motion on September 9, 2020, and served a copy of the Motion on Cartwright, who is acting *pro se*. More than 60 days have now passed since then, and Cartwright has not responded to the Motion or taken any further action in this case.

After review of the motion and the pleadings of the case, the Court finds Plaintiff's Motion is well-taken and finds as follows:

1. Plaintiff filed this action against Cartwright on July 10, 2020.

2. This action requests the Court enter declaratory judgment on questions relating to Shelter's coverage obligations for the damages and losses it or others may claim arising from alleged bodily injury suffered by Mr. Cartwright on May 20, 2019, under the terms and provisions

of Dwelling Insurance issued by Shelter to George Dodson, III, designated Policy no. 41-73-10497666-2 ("the policy").

3. On September 3, 2020, a default was entered by the Clerk of the Court against Cartwright.[1]

4. Cartwright is not a minor, incompetent person, or a member of the military service of the United States.

5. Cartwright did not appear or otherwise defend in this action.

**THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED** that:

As it relates to Mr. Cartwright only, Shelter has no contractual obligation to insurance coverage to Defendants Victor Buehler, Gerri Buehler, and the Estate of George Dodson, III, Decedent, for the damages and losses it or others may claim arising from alleged bodily injury suffered by Mr. Cartwright on May 20, 2019, under the terms and provisions of Dwelling Insurance issued by Shelter Mutual Insurance Company to George Dodson, III, designated Policy no. 41-73-10497666-2 ("the policy") for the reasons as stated in Shelter Mutual Insurance Company's Complaint for Declaratory Judgment.

As stated above, this Default Judgment applies only to Mr. Cartwright. This default

---

[1] On July 31, 2020, Cartwright filed *pro se* a motion for additional time to respond to the Complaint, stating that his attorney was no longer representing him and that he needed more time to hire replacement counsel. The Court denied the motion for a number of defects but without prejudice to Cartwright's right to re-file it properly. Cartwright never did. However, Cartwright's motion arguably entitled him to adequate notice of Plaintiff's request for default judgment before the Court could act on the request. *Lutomski v. Panther Valley Coin Exchange*, 653 F.2d 270 (6th Cir. 1981) (holding that a defaulting defendant's request for an extension to respond to the complaint constituted an informal appearance and demonstrated "sufficient evidence of their intent to respond to plaintiffs' claims"); *see also Citizens Bank v. Parnes*, 376 F. App'x 496 (6th Cir. 2010) (holding that informal requests for an extension of time, including an *ex parte* conversation with the presiding judge's case manager, constituted an informal appearance and entitled the defendant to notice under Rule 55(b)(2)).

judgment shall not prejudice the rights of Defendants Victor Buehler, Gerri Buehler, and the Estate of George Dodson, III, Decedent, to defend the above-styled action. As a result of this default judgment, Mr. Cartwright may not contest that this Complaint for Declaratory Judgment, and shall be bound by the outcome of this Court's determination of coverage in the matter to be litigated by Shelter Mutual Insurance Company and Defendants, Victor Buehler, Gerri Buehler, and the Estate of George Dodson, III, Decedent.

    **IT IS SO ORDERED.**

                                                 **s/ S. Thomas Anderson**
                                                 S. THOMAS ANDERSON
                                                 CHIEF UNITED STATES DISTRICT JUDGE

                                               Date: November 12, 2020